<div style="float:right">HAMPSON<br>v.<br>REYNAUD.</div>

correct transcript of all the records filed in the case of *John Hampson* v. *Reynaud & Guillet*," &c. A former motion was made to dismiss this appeal on the ground of the insufficiency of this certificate, and on the further ground that the petition, proceedings and judgment of the plaintiff, and the execution and marshal's return thereon, were not contained in the record. A *certiorari* thereupon issued, under which the execution and marshal's return have been brought up. The other deficiencies of the record have not been supplied, nor has the certificate been amended. The judge of the court to which the mandate issued states in his return, that the cause was tried and decided by his predecessor in office; that he is ignorant of the evidence adduced upon the trial; and is consequently unable to certify that the transcript contains all the evidence upon which the cause was tried. He further states that the person who was clerk of that court when the case was tried is out of office, and that the judge himself is now, by virtue of his office, the clerk of the court. This return has been on file for nearly two years, and no further effort to bring the appeal regularly before us has been made. The record contains no bill of exceptions, statement of facts, or assignment of errors. *Appeal dismissed.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## CLAY *v.* FISHER.

<div style="float:right">2 997<br>106 800</div>

In an action to recover moveables in defendant's possession, it is sufficient to allege that defendant took illegal possession of the things claimed, and continues to withhold them wrongfully. It is not necessary that the time, place, and manner of the taking possession should be averred.

To acquire property in moveables by the prescription of three years, the party must have possessed as owner. C. C. 3472.

APPEAL from the City Court of Layfayette, *Burthe*, J. *Burns* and *Michel*, for the plaintiff. *Elliott*, for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff sues for the recovery of certain articles of moveable property, alleged to be in the possession of the defendant. The defendant first excepted that the plaintiff's petition did not sufficiently set forth the cause of action, and was defective in not having averred the time, place, and manner of his taking possession of the effects claimed. This exception was overruled, and the defendant pleaded the general issue, and the prescription of three years. A judgment was rendered against him, from which he has appealed.

The judge did not, in our opinion, err, in overruling the defendant's exception. The averments that the defendant took illegal possession of the objects claimed, and continued to withhold them wrongfully, are sufficiently distinct and explicit to put the defendant upon his defence, if any he had to oppose to the action.

In order to establish his title to the property by the prescription pleaded, it was incumbent on the defendant to show that he had possessed as owner, by a just title, and in good faith, during the time required by law, in which he has failed. C. C. art. 3472. A short time previous to the institution of this suit, he acknowledged that the property claimed was in his possession, that it belonged to the plaintiff, and that he was ready to surrender it upon being reimbursed a sum of money which he alleged was due to him by the plaintiff.

CLAY
v.
FISHER.

Thus, from his own admission, his possession was not that of owner, and he has neither averred nor proved that he holds the property in virtue of any title which authorises him to detain it until his alleged claim against the plaintiff shall have been paid; nor, indeed, has he shown the existence of any debt due to him by the plaintiff.                                    *Judgment affirmed.*